IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 5, 2019

**STATE OF TENNESSEE v. SEPTIAN VALENTINE**

**Appeal from the Circuit Court for Lake County**
**Nos. 12-CR-9808, 15-CR-10088, 16-CR-10195      R. Lee Moore, Jr., Judge**

_____

**No. W2018-01018-CCA-R3-CD**
_____

The Defendant-Appellant, Septian Valentine, appeals from the revocation of supervised release by the Lake County Circuit Court, arguing that the trial court erred in revoking his probation and ordering him to serve the remainder of his sentence in confinement. After review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Noel H. Riley II, Dyersburg, Tennessee, for the Defendant-Appellant, Septian Jamarquis Valentine.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Danny Goodman, Jr., District Attorney General; and Lance E. Webb, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Based on the limited record before us, it appears that the Defendant was convicted in three separate cases of "[Possession with Intent] Sch[edule] II Coc[aine] o[ver] .5 gr[ams]; Kidnapping; Sale under .5 gr[ams]," for which he received an effective sentence of fourteen years, to be served on probation.[1] On April 5, 2017, a warrant was issued for the Defendant's arrest based on multiple violations of probation including a new arrest for two counts of rape, failure to pay probation fees, and engaging in "assaultive, threatening or intimidating behavior." On March 19, 2018, the State amended the April

---

[1] The record does not contain the judgments of conviction. We glean this information from the probation violation report, warrant, and transcript of the probation hearing, all of which refer to the Defendant's convictions and sentence.

violation report to include that the Defendant additionally violated probation by "enter[ing] an establishment whose prime purpose is to sell alcoholic beverages (bars, taverns, clubs, etc.)."

At the April 23, 2018 probation violation hearing, Jarrell Malone, the Defendant's probation officer, testified that the Defendant had been previously advised of the terms and conditions of probation, indicated that he understood them, and signed a certificate of probation agreeing to abide by those conditions. Officer Malone confirmed that he subsequently filed two violation reports, in April 2017 and March 2018, alleging that the Defendant had violated probation based on a new arrest for two counts of rape, failure to pay fees, engaging in assaultive behavior, and entering a bar. Officer Malone testified that prior to the Defendant's new arrest, the Defendant had complied with probation and was "doing well." Following the proof, the trial court stated:

> All right, [the Defendant] you were -- one of the basis is the conviction -- there is a conviction at least at that point, but even if there were not a conviction, according to your own testimony you were drunk and you were going into places that violated your probation. So, your probation is revoked.

By written order on May 3, 2018, the trial court revoked the Defendant's probation and similarly reasoned:

> After hearing the testimony of the Defendant's probation officer, and after consideration of the Defendant's own sworn testimony at his jury trial on March 21-22, 2018 in Lake Cir. No. 17-CR-10395 that he had been at the Garage/Riverside bar when he met the alleged victims on the evening/morning of April 1-2, 2017, and his eventual conviction for Rape by a jury on March 22, 2018, and the entire record in this cause, the Court finds that the Defendant is in violation of the terms and conditions of his supervised probation by being convicted of the aforesaid Rape and by being in a bar, and the Court finds that this probation should be revoked in full.

It is from this order that the Defendant now timely appeals.

## ANALYSIS

We must dispense with the Defendant's appeal in short order. Here, the Defendant does not challenge the grounds upon which the trial court relied in revoking his probation, but instead, he insists "the trial court should not have revoked the [D]efendant's probation because the court was aware of the fact that the [D]efendant

intended to appeal his rape conviction to the Honorable Court. Justice would have been better served if the Court had reserved its ruling pending his appeal." In effect, the Defendant argues that this court should reverse the trial court for failing to stay its probation revocation determination pending the outcome of the appeal. The Defendant does not provide this court with any authority for this position, and we have found none. To the extent that the Defendant suggests that he is entitled to a bond pending the appeal of the order revoking probation, the record does not contain a motion for an appeal bond, see Tenn. R. App. P. 8(a), or any findings of the trial court to facilitate appellate review. See Tenn. R. Crim. P. 32(g); State v. Sandra Brown, No. M2000-00792-CCA-R3-CD, 2001 WL 1094940, at *3 (Tenn. Crim. App. Sept. 19, 2001) (noting that the trial court has authority to release a defendant on bail pending appellate review of a revocation of probation). The trial court revoked the Defendant's probation based upon his new arrest and subsequent conviction of rape *in addition to* the Defendant's prohibited patronage of a bar. Because the record fully supports the trial court's revocation of the Defendant's probation, he is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE